UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60223-CIV-ZLOCH

DANIEL J. STERMER, as Receiver
for Laura Hess & Associates,
P.A., Hess Kennedy Consumer Law
Center, Legal Debt Center, Campos
Chartered Law Firm, et al.,

        Plaintiff,

vs.

THE CREDIT EXCHANGE CORPORATION,

        Defendant.
_____/

**FINAL ORDER OF DISMISSAL
AS TO COUNT III**

    THIS MATTER is before the Court upon Defendant Credit Exchange Corporation's Motion To Dismiss (DE 3). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    This action was filed by Plaintiff Daniel J. Stermer, who was appointed by a Florida state court as Receiver for Laura Hess & Associates, P.A. and several related companies (hereinafter "Receivership Entities"). The Receivership entities were engaged in a fraudulent scheme that became the target of the Attorney General of the State of Florida, who moved to have Plaintiff appointed as Receiver. The appointment (DE 10, Ex. 1) was made pursuant to Florida Statutes § 501.207(3) and empowers Plaintiff to marshal, preserve, protect, maintain, manage, and safeguard the assets of the Receivership Entities with the intended end that the consumer victims of the Receivership Entities' schemes be made

whole.  To this end, Plaintiff has instituted the instant action seeking a judgment from the Court declaring that the agreement between the Receivership Entities was unlawful and recovering funds paid to Defendant under the same.  Defendant now moves to dismiss this action.

In Count III, Plaintiff seeks to recover the funds paid to Defendant based on a theory of unjust enrichment.  This is a cause of action sounding in equity.  Ala v. Chesser, ___ So. 2d ___, 2009 WL 367769 *3 (Fla. Dist. Ct. App. Feb. 17, 2009) ("Remedying unjust enrichment is affording equitable relief.").  Defendant argues that Plaintiff is barred from recovering based on the doctrine of in pari delicto, "an affirmative and equitable defense [that] prohibits plaintiffs from recovering damages resulting from their own wrongdoing." O'Halloran v. PricewaterhouseCoopers LLP, 969 So. 2d 1039, 1044 (Fla. Dist. Ct. App. 2007) (quotation omitted).[1]  The Court, sitting in equity as to Count III, agrees.  When a plaintiff and defendant "are in pari delicto the law will leave them where it finds them; relief will be refused in the courts because of public interest."  Patterson v. Law Office of Lauri J. Goldstein, P.A., 980 So. 2d 1234, 1237 (Fla. Dist. Ct. App. 2008) (quotations omitted).  Therefore, the Court shall dismiss Count III of the Complaint.

---

[1] Plaintiff, as Receiver, stands in the shoes of the Receivership Entities.  Freeman v. Dean Witter Reynolds, Inc., 865 So. 2d 543, 550 (Fla. Dist. Ct. App. 2003).

2

With respect to Counts I and II, the Court finds that the remaining legal issues raised by Defendant's Motion To Dismiss (DE 3) are more properly addressed in a Motion For Summary Judgment, when discovery may present the Court with a full record upon which it may address and decide said issues.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Credit Exchange Corporation's Motion To Dismiss (DE 3) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. To the extent that Defendant Credit Exchange Corporation's Motion To Dismiss (DE 3) seeks an order dismissing Count III of the Complaint, it be and the same is hereby **GRANTED**;

2. Count III of the Complaint (DE 1, Ex. A) be and the same is hereby **DISMISSED**;

3. In all other respects, Defendant Credit Exchange Corporation's Motion To Dismiss (DE 3) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   1st   day of May, 2009.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record